IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARMAAL LARONDE SMITH,

       Plaintiff,                 2:07-cv-00964 ALA P

   vs.

LEANN CRONES, et al.,

       Defendants.      <u>ORDER</u>

_____/

    Plaintiff Jarmaal Smith is a state prisoner proceeding pro se in this civil rights actions pursuant to 42 U.S.C. § 1983.  On May 23, 2007, plaintiff filed a complaint against defendants Crones, Felker, Simmerson and Norton.  All are employees of a governmental entity.

**I**

    Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity.  The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this court] must accept

1    [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court

2    may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

3    that could be proved consistent with the allegations."  *Id.*

4         "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

5    complained of was committed by a person acting under color of state law; and (2) that the

6    conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*,

7    466 F.3d 676, 689 (9th Cr. 2006).  The court has reviewed plaintiff's May 23, 2007, complaint

8    and finds that it states a colorable claim for relief against defendants Norton and Simmerson

9    pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

10                                          **II**

11        However, plaintiff's complaint does not state a colorable claim for relief against

12   defendants Crones or Felker.  Plaintiff's complaint concerns an alleged assault on plaintiff by

13   defendant Norton.  Plaintiff has not alleged that defendant Crones or Felker personally

14   participated in the assault in any manner.  It seems plaintiff has named defendants Crones and

15   Felker solely due to their supervisory positions.

16        "A person 'subjects' another to the deprivation of a constitutional right, within the

17   meaning of 1983, if [that person] does an affirmative act, participates in another's affirmative

18   acts, or omits to perform an act which [that person] is legally required to do that causes the

19   deprivation of which complaint is made."  *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

20   Cir.1978)).  There is no respondeat superior liability under § 1983, and a person can only be

21   subject to § 1983 liability for the acts of others "[i]n limited circumstances."  *Id.*  "[A] supervisor

22   is liable for the constitutional violations of subordinates, 'if the supervisor participated in or

23   directed the violations, or knew of the violations and failed to act to prevent them.' "  *Id.* (quoting

24   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)).

25        Plaintiff has not alleged that either defendant Crones or Felker participated in, directed or

26   was aware of the alleged assault.  As such, plaintiff may not proceed against defendant Crones or

                                            2

1   Felker.

2   **III**

3   As stated above, plaintiff may proceed against defendants Norton and Simmerson.  To

4   proceed against anyone else plaintiff must file a first amended complaint.  Any amended

5   complaint must show that the federal court has jurisdiction and that plaintiff's action is brought

6   in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

7   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9   *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

10  of a constitutional right if he does an act, participates in another's act or omits to perform an act

11  he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the

12  victim of a conspiracy, he must identify the participants and allege their agreement to deprive

13  him of a specific federal constitutional right.

14  In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED.

15  R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.

16  FED. R. CIV. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

17  occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

18  The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

19  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

20  heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.

21  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

22  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

23  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

24  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

25  claim."); FED. R. CIV. P. 8.

26  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

3

1   speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

2   defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

3   (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

4   *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

5   Civil Procedure is fully warranted" in prisoner cases).

6          A district court must construe pro se pleading "liberally" to determine if it states a claim

7   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

8   opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

9   the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

10  the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell*

11  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

12         The court (and defendants) should be able to read and understand plaintiff's pleading

13  within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

14  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

15  injury or joining a series of unrelated claims against many defendants very likely will result in

16  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

17  pursuant to FED. R. CIV. P. 41 for violation of these instructions.

18         An amended complaint must be complete in itself without reference to any prior

19  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

20  files an amended complaint, the original pleading is superseded.

21         Plaintiff is admonished that by signing an amended complaint he certifies he has made

22  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

23  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  FED. R.

24  CIV. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

25  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 CAL.

26  ADMIN. CODE § 3005.

1    A prisoner may bring no § 1983 action until he has exhausted such administrative

2    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

3    *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

4    amended complaint he certifies his claims are warranted by existing law, including the law that

5    he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

6    his action.

7                                                          **IV**

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's claims against defendants Crones and Felker are dismissed for the

10   reasons discussed above, with leave to file a first amended complaint within thirty-five (35) days

11   from the date of this order.  Failure to file a first amended complaint will result in defendants

12   Crones and Felker being dismissed from this action.  Plaintiff would then proceed against

13   defendants Norton and Simmerson; and

14   2.  Upon filing a first amended complaint or expiration of the time allowed

15   therefor, the court will make further orders for service of process upon some or all of the

16   defendants.

17   /////

18   Dated: February 11, 2008

19                                              /s/ Arthur Alarcón
                                               UNITED STATES CIRCUIT JUDGE
20                                             Sitting by Designation

21

22

23

24

25

26