1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARMAAL LARONDE SMITH,

        Plaintiff,                Case No. 2:07-cv-00964 ALA (P)

    vs.

LEANN CRONES, et al.,

        Defendants.        <u>ORDER</u>

_____/

I

      Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, "[a district] court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).  On three separate occasions, this Court has ordered the United States Marshal for the Eastern District of California, Antonio C. Amador, to serve Scott Norton and Edward Simmerson, who are Defendants in this matter.  (Docs. 16, 17, 19).  United States Marshal Amador has failed to comply with any of the orders issued by this Court.  United States Marshal Amador has failed to offer any excuse for what appears to be his willful failure to perform a statutory duty, and to follow this Court's orders.  As a result, United States Marshal Amador  is hereby ordered to show cause why sanctions should not be imposed against him for failure to comply with this Court's orders.

II

On October 28, 2008, this Court ordered United States Marshal Amador, "to notify the . . . defendants [in this action] of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c)" within ten days from the date of the order, on behalf of Plaintiff Jarmaal Laronde Smith.  (Doc. 16). This Court also ordered:

> If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

*Id*.  When the Defendants did not return executed waivers of service within the prescribed sixty days, however, United States Marshal Amador failed to effect personal service on Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), as ordered by this Court.

Accordingly, on January 8, 2009, this Court issued an order directing "[t]he United States Marshal to personally serve process and a copy of this Court's [previous] order (Doc. 16) on Defendants . . . before January 14, 2009; and, [w]ithin ten (10) days after personal service is effected, the United States Marshal shall file the return of service for Defendants."  (Doc. 17). United States Marshal Amador again failed to effect personal service on Defendants, or otherwise comply with this Court's order.

On February 4, 2009, this Court ordered – for the third time – that United States Marshal Amador effect personal service on Defendants on or before February 11, 2009, inform the Defendants of the Court's prior orders concerning service in this matter, and to file a return of service. (Doc. 19).  This Court ordered, in the alternative, that United States Marshal Amador show cause why Defendants have not been served in accordance with this Court's orders.  *Id*.  This Court cautioned, "[f]ailure to comply with this order may result in sanctions."  *Id*.  For a third time, United States Marshal Amador failed to comply with this Court's order.

III

Pursuant to 28 U.S.C. § 566(c), "the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties."  Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

Federal courts have an inherent authority to impose sanctions for willful disobedience of a court order.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  This authority is "governed not by  rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Four months have passed since this Court first ordered United States Marshal Amador to effect personal service on Defendants Norton and Simmerson.  Waivers of service for Defendants Norton and Simmerson were filed on February 24, 2009.  The waivers state that "[o]n February 24, 2009,  Defendant[s were] made aware of the Court's February 4, 2009 Order, directing the Marshall (sic) to personally serve Defendants Simmerson and Norton by February 11, 2009."  Thus, according to the defendants, they were not notified of the Court's February 4, 2009 order until almost three weeks later.

United States Marshal Amador has failed repeatedly to perform his legal duty in this matter, and appears to have wilfully failed to comply with this Court's orders to effect personal service on behalf of Plaintiff pursuant to 28 U.S.C. § 566(c) and  Rule 4(c)(3) of the Federal Rules of Civil Procedure.  United States Marshal Amador has also failed to respond to this Court's February 4, 2009 order to show cause why Defendants have not been served in accordance with this Court's orders.

/////

III

In addition to this Court's inherent power to impose sanctions against the United States Marshal, this Court may also impose sanctions for contempt pursuant to 18 U.S.C. § 401. Section 401 provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.

United States Marshal Amador is hereby ORDERED to show cause as to why sanctions should not be imposed, pursuant to the Court's inherent authority to manage its own affairs, or, for contempt pursuant to 18 U.S.C. § 401, for his failure to perform his statutory duty, and  follow this Court's orders.

Accordingly, IT IS HEREBY ORDERED that:

1.  On or before March 13, 2009, Antonio C. Amador, United States Marshal for the Eastern District of California, shall show cause why sanctions should not be imposed against him for repeated instances of what appears to be his willful noncompliance with this Court's orders.

2.  The Clerk shall deliver a copy of this order to:

    John Clark
    Director
    U.S. Marshals Service
    USMS Headquarters
    Crystal Square
    Arlington, VA 20530-1000

    and

/////

/////

4

1   Gerald Auerbach
    General Counsel
2   U.S. Marshals Service
    USMS Headquarters
3   Crystal Square
    Arlington, VA 20530-1000.
4

5   DATED: February 27, 2009

6                                           /s/ Arthur L. Alarcón
                                            UNITED STATES CIRCUIT  JUDGE
7                                           Sitting by Designation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26