1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JARMAAL LARONDE SMITH,

11            Plaintiff,                    Case No. 2:07-cv-00964 ALA (P)

12        vs.

13   LEANN CRONES, et al.,                  ORDER

14            Defendants.

15   _____/

16                                          **I**

17        Plaintiff Jarmaal Laronde Smith is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19   Plaintiff's complaint filed March 23, 2007, against Defendants Norton and Simmerson for the

20   alleged use of excessive force against and failure to protect Plaintiff from an alleged assault, in

21   violation of the Eighth Amendment.  This matter is set for jury trial on August 4, 2009.

22        On June 17, 2009, Plaintiff filed a motion seeking leave to file a motion to compel

23   discovery.  (Doc. 55).  Plaintiff correctly points out that the deadline for filing a motion to

24   compel discovery preceded the due date for Defendants to produce responses to Plaintiff's

25   discovery requests.  Therefore, Plaintiff was not aware of any deficiencies in Defendants'

26   discovery responses until after the deadline for filing a motion to compel had passed.

1    Plaintiff argues in his motion that Defendants have improperly withheld certain

2    documents he has requested as privileged.  Plaintiff also argues that if he is granted leave to file

3    a motion to compel he will "attempt to show why the High Desert State Prison's warden should

4    be ordered to produce the documentation [he] seeks."  Doc. 55.

5    For the reasons set forth below, the Court will construe Plaintiff's motion filed June 17,

6    2009, as a motion to compel discovery and will order Defendants to respond to the motion on or

7    before June 30, 2009.  As to the discovery Plaintiff is seeking that may be in the possession,

8    custody or control of the High Desert State Prison's warden, the Court will construe Plaintiff's

9    motion filed June 17, 2009, as a request for leave to file a motion for the issuance of a subpoena

10   duces tecum directing the current Warden of High Desert State Prison, Warden Mike McDonald,

11   to produce the requested documents relating to the assault Plaintiff alleges occurred against him

12   on January 12, 2006 and grant the request.

13                                                 **II**

14   Plaintiff seeks, by way of discovery, information concerning an assault he alleges

15   occurred on him at the High Desert State Prison's administrative Segregation Unit on January

16   12, 2006.  This alleged assault is the subject of his complaint.  (Doc. 1).  In his complaint, in

17   addition to naming Corrections Officers Norton and Simmerson as defendants, Plaintiff also

18   named as defendants "LeAnn Crones, Director of Corrections," and "Tom Felker, Warden of

19   High Desert Prison."  Pursuant to 28 U.S.C. § 1915A(a), this Court screened the complaint and

20   dismissed Crones and Felker from the case because Plaintiff failed to allege that either of these

21   defendants participated in, directed or was aware of the alleged assault.  Therefore, Plaintiff's

22   requests for discovery were directed only at Defendants Norton and Simmerson.

23   Plaintiff alleges that Defendants' responses to his discovery requests are deficient in the

24   following respects: (1) Defendants have claimed that all documents from their personnel files are

25   protected by state and federal privileges and California statutes; (2) Defendants "invoked

26   'privilege' as a response to the Plaintiff's request the names and addresses of all correctional

                                                   2

staff be provided him who was on duty in High Deserts Z-Unit on the day of January 12, 2006

between the hours of 6:00 a.m. thru 2:00 p.m."; and, (3) Defendants have claimed that privilege

protects "[a]ny and all documents and reports concerning [the alleged assault on Plaintiff] in

High Desert State Prison's Z-Unit on January 12, 2006 and January 13, 2006, including, but not

limited to use of force reports, disciplinary charges, (against officer Norton or officer

Simmerson), statements of any witnesses, (to any assault on that day), findings and conclusions

of disciplinary hearings (of officer Norton, Simmerson, or any other officer who may have

witnessed the assault)."

## A

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to

the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).[1] "The party who resists discovery

has the burden to show that discovery should not be allowed, and has the burden of clarifying,

explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283

(C.D. Cal. 1998).

Privilege is a valid objection to discovery under Fed. R. Civ. P. 26(b)(5). *Walt Disney*

*Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996).  To the extent privacy is a matter of

privilege under state law, federal courts will honor the privilege and protect the responding party

from discovery.  Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil

Procedure Before Trial, § 11:77 (1996 revised).  In California, the right to privacy is set forth in

---

[1]Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

1    Article I, Section I of the California Constitution.  It is not an absolute right, but a right subject

2    to invasion depending upon the circumstances.  *Hill v. Nat'l College Athletic Ass'n*, 7 Cal. 4th 1,

3    37, 26 Cal. Rptr. 2d 834, 857, 865 P.2d 633 (1994).  Moreover, the courts have frequently found

4    that a party's need for the information may outweigh whatever privacy rights, if any, another

5    party may have.  *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990).

6          In actions brought under 42 U.S.C. § 1983, personnel files of law enforcement officers

7    are relevant and discoverable.  *See Voth v. Albright*, 2006 U.S. Dist. LEXIS 79128 (E.D. Cal.

8    2006); *Green v. Baca*, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005). Questions of evidentiary

9    privilege that arise in the course of adjudicating federal rights are governed by principles of

10    federal common law.  *See United States v. Zolin*, 491 U.S. 554 (1989) (citing Rule 501 of the

11    Federal Rules of Evidence).  Federal common law recognizes a qualified privilege for official

12    information.  *Kerr v. United States Dist. Ct. for ND. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975).

13    Government personnel files are considered official information. *See, e.g., Sanchez v. City of*

14    *Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); *see also Zaustinsky v. Univ. of Cal.*, 96 F.R.D.

15    622, 625 (N.D. Cal. 1983).

16          The discoverability of official documents is determined under the "balancing approach

17    that is moderately pre-weighted in favor of disclosure." *Kelly v. City of San Jose*, 114 F.R.D.

18    653, 661 (N.D. Cal. 1987).  The party asserting the privilege must properly invoke the privilege

19    by making a "substantial threshold showing." *Id*. at 669.  The party must file an objection and

20    submit a declaration or affidavit from a responsible official with personal knowledge of the

21    matters to be attested to in the affidavit. *Id.*  The affidavit must include:

22          (1) an affirmation that the agency generated or collected the material in issue and
              has maintained its confidentiality; (2) a statement that the official has personally
23          reviewed the material in question; (3) a specific identification of the
              governmental or privacy interests that would be threatened by disclosure of the
24          material to plaintiff and/or his lawyer; (4) a description of how disclosure subject
              to a carefully crafted protective order would create a substantial risk of harm to
25          significant governmental or privacy interests, and (5) a projection of how much
              harm would be done to the threatened interests if disclosure were made.

26

*Id.* at 670; *see also Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (applying the

*Kelly* procedure).  If the court concludes that a defendant's submissions are not sufficient to meet

the threshold burden, it will order disclosure of the documents.  If a defendant meets the

threshold requirements, the court will order an in camera review of the material and balance each

party's interests.  *Kelly*,114 F.R.D. at 661.  The factors used for balancing are:

> (1)  The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
>
> (2)  The impact upon persons who have given information of having their identities disclosed.
>
> (3)  The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
>
> (4)  Whether the information sought is factual data or evaluative summary.
>
> (5)  Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
>
> (6)  Whether the police investigation has been completed.
>
> (7)  Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation.
>
> (8)  Whether the plaintiffs suit is non-frivolous and brought in good faith.
>
> (9)  Whether the information sought is available through other discovery or from other sources.
>
> (10)  The importance of the information sought to the plaintiffs case.

*Id*. at 663; *Soto*, 162 F.R.D. at 614 n.4.

**B**

**1**

To the extent Defendants' have declined to produce any documents requested by Plaintiff

based upon the assertion of an official information privilege, Defendants' responses are deficient

as they have not met the required substantial threshold showing set forth above.  Defendants

have made no showing that the documents sought are privileged and therefore shielded from

1   discovery in this action.  *See e.g., Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)

2   (party asserting the official information privilege must properly invoke it by making a

3   "substantial threshold showing") (quoting *Kelly*, 114 F.R.D. at 669).

4          Defendants have also failed to prepare and submit a privilege log.  A party objecting to

5   production or inspection of part of a document must explain that objection and permit inspection

6   or production of the remainder.  Fed. R. Civ. P. 35(b)(2), (6).  A party objecting based on a claim

7   of privilege must make the objection and explain it "as to each record sought to allow the court

8   to rule with specificity." *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.

9   1992) (noting that "blanket assertions of [a] privilege are extremely disfavored"); Fed. R. Civ. P.

10  26(b)(5).  Defendants are directed to address these issues in their response to Plaintiff's motion

11  to compel.

12                                                  **2**

13         To the extent Defendants have not produced documents requested by Plaintiff, which are

14  maintained as a matter of routine in their CDCR personnel files, based upon the ground that

15  Defendants have no responsive documents in their "possession, custody or control," Plaintiff is

16  directed to file with the Court a motion for the issuance of a subpoena duces tecum requesting

17  production of the relevant documents by the current Warden of High Desert State Prison,

18  Warden Mike McDonald.  Plaintiff is also directed to file a declaration justifying the need for

19  each of the documents he is seeking from the Warden.

20         With respect to Defendants' personnel files, the scope of Plaintiff's subpoena must be

21  limited to those portions of Defendants' personnel files that contain information concerning the

22  alleged incident occurring on January 12, 2006, and files that contain information regarding prior

23  complaints of excessive force used by the officers involved in the January 12, 2006 incident,

24  made during the two years preceding the alleged incident.  If Plaintiff is requesting grievances

25  and complaints filed by other inmates against the Defendants, he must include in his declaration

26  an explanation as to how the evidence is relevant to his claims.

1    With respect to Plaintiff's request for the names and addresses of all correctional staff

2    who were on duty in High Deserts Z-Unit on the day of January 12, 2006 between the hours of

3    6:00 a.m. thru 2:00 p.m., the Court finds that this request is sufficiently narrow and within the

4    scope of relevant discovery as it seeks information concerning potential witnesses to the alleged

5    assault on Plaintiff on January 12, 2006.  The information requested is more appropriately the

6    subject of an interrogatory.  Plaintiff is directed, however, to include the request for this

7    information, should he seek it, in his motion for the issuance of a subpoena duces tecum

8    requesting that the Warden of High Desert State Prison produce such information.

9    Plaintiff's request for "[a]ny and all documents and reports concerning [the alleged

10   assault on Plaintiff] in High Desert State Prison's Z-Unit on January 12, 2006 and January 13,

11   2006, including, but not limited to use of force reports, disciplinary charges, (against officer

12   Norton or officer Simmerson), statements of any witnesses, (to any assault on that day), findings

13   and conclusions of disciplinary hearings (of officer Norton, Simmerson, or any other officer who

14   may have witnessed the assault)" should also be included in his motion for the issuance of a

15   subpoena duces tecum requesting that the Warden of High Desert State Prison to produce such

16   information if he has any relevant documents or reports in his possession, custody or control.

17                                           **3**

18   Defendants' objections to each of Plaintiff's requests for production as "overbroad as to

19   time and scope, seek[ing] information that is not relevant to the claim or defense of any party,

20   and [] not reasonably calculated to lead to the discovery of admissible evidence" are not well-

21   founded.  Each of Plaintiff's five requests for production of documents was specifically limited

22   to documents or information concerning events relating to the alleged incident occurring on

23   January 12 and 13, 2006, and the related grievance filed by Plaintiff.

24   Based on the foregoing, it is HEREBY ORDERED that:

25   1.    Plaintiff's motion filed June 17, 2009 is hereby construed, in part, as a motion to
           compel discovery (Doc. 55); Defendants shall respond to Plaintiff's motion to
26         compel on or before June 30, 2009, addressing the privilege issues as directed

                                              7

1       herein; and,

2          2.     Plaintiff's motion filed June 17, 2009, is hereby construed, in part, as a request for leave to file a motion for the issuance of a subpoena duces tecum directing the current Warden of High Desert State Prison, Warden Mike McDonald, to produce certain documents.  That request is GRANTED.  Plaintiff shall file any necessary motion for a subpoena duces tecum as directed herein on or before June 30, 2009; Defendants' response shall be due July 6, 2009.

IT IS SO ORDERED.

DATED: June 23, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation