IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARMAAL LARONDE SMITH,

    Plaintiff,                    Case No. 2:07-cv-00964 ALA (P)

    vs.

LEANN CRONES, et al.,            ORDER

    Defendants.
_____/

    Jarmaal Laronde Smith is a state prisoner proceeding in pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On May 23, 2007, Smith filed a verified complaint alleging that Defendants LeAnn Crones (Director of Corrections), Tom Felker (Warden of High Desert State Prison), Sergeant Edwards Simmerson (corrections officer High Desert State Prison), and Scott Norton (corrections officer High Desert State Prison) "violated plaintiff's right not to have cruel and unusual punishment inflicted upon him" under the Eighth Amendment of the United States Constitution. (Doc. No. 1).[1] He alleged that Defendants Crones, Felker, and

---

[1] The claims against Defendants Crones and Felker were dismissed by this Court on February 12, 2008 without prejudice to the filing of an amended complaint within 35 days pursuant to 28 U.S.C. § 1915(A)(b) for the failure to allege facts showing that either of them "participated in, directed or was aware of" the assault alleged in the complaint. (Doc. No. 7.) Smith did not file an amended complaint.

1  Simmerson, as supervisors of correctional officers, were deliberately indifferent to their
2  responsibility to protect Smith from Defendants Norton's use of excessive force against Smith
3  on January 12, 2006.
4      On March 2, 2009, Defendants Simmerson and Norton filed an answer to the complaint.
5  (Doc. No. 24.)  Defendant Simmerson filed a motion for summary judgment on June 23, 2009 on
6  the ground that there were no genuine issues of material fact and that Defendant Simmerson is
7  entitled to judgment as a matter of law.  (Doc. No. 57).  Plaintiff field a timely opposition on
8  August 12, 2009 (Doc. No. 81) and Defendant Simmerson timely replied on August 14, 2009
9  (Doc. No. 82).  For the reasons set forth below, Defendant Simmerson's motion for summary
10 judgment is granted.

**I**

12     The following are undisputed facts taken from Plaintiff's opposition to the motion for
13 summary judgment (Doc. No. 81).
14     Smith is a state prisoner who was incarcerated in High Desert State Prison's
15 administrative segregation unit (Z-unit) in January 12, 2006.  (*Id.* at 4.)  Smith claims that, on
16 January 12, 2006, he attempted to get an officer's attention by kicking his cell door.  (*Id.*)
17 Officers Norton and Beasly responded.  (*Id.*)  Smith informed the officers that he was having
18 thoughts of hurting himself, and needed to speak to a psychologist.  (*Id.*)  Norton handcuffed
19 Smith and instructed the control officer to open his cell door.  (*Id.* at 5.)  The door stuck, and
20 would not open.  (*Id.*)  Norton pushed and pulled the door to get it back on track.  (*Id.*)  He again
21 instructed the control officer to open the door.  (*Id.*)  This time, the door opened.  (*Id.*)
22     Norton escorted Smith to the holding cell at the front of the building.  (*Id.*)  When they
23 approached the holding cell, Defendant Simmerson and approximately five other officers were
24 standing nearby.  (*Id.*)  Norton stated, "Simmerson get out of here."  (*Id.*)  Simmerson left the
25 area.  (*Id.*)
    As Norton unlocked the door of the holding cell, he told the remaining officers, "the rest

of you get out of here." (*Id.*)  Only officers Beasly and Kimble remained.  (*Id.* at 6.)  Norton suddenly placed his hand on the back of Smith's neck, and rammed his head into the back of the holding cell where the metal "fencing" of the holding cage backs up against the concrete wall.  (*Id.*)  Norton then put his forearm on the back of Smith's neck, and stated, "if you ever kick my fucking door again I'll break your fucking neck."  (*Id.*)

Simmerson later reappeared.  (*Id.*)  Smith told Simmerson that he needed to speak with him regarding some "unethical conduct."  (*Id.*)  Simmerson instructed Smith to speak with the psychologist first.  (*Id.* at 7.)  Smith did not state that he had been assaulted.  (*Id.* at 6.)  There was no injury to Smith's head where it came into contact with the holding cell.  (*Id.*)  Simmerson was not aware of the alleged attack.  (*Id.* at 7.)

## II

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In opposing summary judgment, a nonmoving party must "go beyond the pleadings and, by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citing Fed. R. Civ. P. 56(e)).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Material facts are those which may affect the outcome of the case. *Id.* at 248.  If the moving party demonstrates an absence of a genuine issue of material facts, then the opposing

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to Rule 56(e) of the Federal Rules of Civil Procedure, the opposing party must provide "specific facts showing there is a *genuine issue for trial*." *Id.* at 587 (emphasis in original).

"On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A district court must not make any credibility findings. *Anderson*, 477 U.S. at 255. "The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). "Once the moving party meets its initial burden, however, the burden shifts to the non-moving party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted).

Where the party resisting a motion for summary judgment is *pro se*, the court "must consider as evidence in his opposition to summary judgment all of [his] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (internal citations omitted). "The evidence of the non movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). "[I]f direct evidence produced by the moving party conflicts with direct evidence produced by

the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *T.W. Elec. Serv.*, 809 F.2d at 631. However, "an inference as to another material fact may be drawn in favor of the nonmoving party only if it is 'rational' or 'reasonable' and otherwise permissible under the governing substantive law." *Id.*

### III

In his complaint, Smith alleges:

> As . . . I approached the holding cage I witnessed the Sergeant of the unit, who I know as Simmerson, standing near the holding cage with approximately 4 to 5 other officers. I witnessed officer Norton state "Simmerson get out of here" at which time I observed officer Sergeant Simmerson quickly leave the area.

(Doc. No. 1 at 4.) The complaint also alleges that Officer Norton then forcefully pushed Smith's head against the cement wall and threatened to break Smith's neck if he ever kicked a cell door again. *Id.* The complaint further alleges that:

> A few minutes later I witnessed Sergeant Simmerson reappear in the area at which time [he] informed Sergeant Simmerson that [he] needed to speak with him regarding the unethical conduct of his officer. Sergeant Simmerson then stated "well you asked to speak to the psyche so you talk to the psyche first and then you talk to me." After speaking with the psychologist Sergeant Simmerson made no attempt to speak with me.

*Id.*

In his motion for summary judgment, Simmerson maintains that he "never heard any statement which would have indicated to him that Defendant Norton was planning to use excessive force." (Doc. No. 57 at 2.) Smith has not demonstrated that Norton stated he was planning to use any force against Smith.

### A

To state a claim under section 1983, a plaintiff must allege that: (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). "A person

deprives another of a constitutional right, where that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir.2007) (quotations omitted). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1991)).

Smith states in his opposition to the motion for summary judgment that Simmerson is liable here, not because he should have known of this danger and failed to prevent it, but because Defendant Simmerson should have stayed in the area to supervise his officers, thus preventing the use of excessive force. (Doc. No. 81 at 10.)

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Smith has not provided any factual basis for his contention that Simmerson participated in the assault, that he directed the assault, or that he knew of the assault. In fact, he admitted in his opposition to the motion for summary judgment that Simmerson did not know the assault had occurred. (Doc. No. 81 at 7.)

**B**

Smith argues that when Simmerson left the holding cage, he was deliberatively indifferent to the risk of harm to Plaintiff. In his opposition to the motion for summary judgment, Smith also contends that Simmerson is liable because he should have known of the danger of an assault and prevented it. (*Id.* at 7-13).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotations omitted). To be deliberately indifferent,

a "prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (2004) (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Toguchi*, 391 F.3d at 1057 (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

A prison official must have "more than a mere suspicion that an attack will occur" to be held liable for deliberate indifference. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986), citing *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983). Smith has failed to demonstrate that Simmerson drew the inference from Norton's statement or conduct that he was about to assault Smith.

**IT IS HEREBY ORDERED** that:

1. Defendant Simmerson's motion for summary judgment (Doc. No. 57) is hereby GRANTED; and

2. The case is dismissed as against Defendant Edward Simmerson.

3. Trial will go forward on September 28, 2009 as against Defendant Scott Norton.

/////

DATED: August 24, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation