IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARMAAL LARONDE SMITH,

    Plaintiff,   Case No. 2:07-cv-00964 ALA (P)

    vs.

LEANN CRONES, et al.,   ORDER

    Defendants.

_____/

**I**

On August 28, 2009, this Court ordered Warden Mike McDonald to produce for *in camera* review all documents relating to any investigation into the alleged January 12, 2006 assault on Plaintiff which is the subject of this litigation. On September 4, 2009, Warden McDonald filed a response to the order. (Doc. 92) The Warden's response stated that all documents responsive to the subpoena were being produced under seal. The Warden's response attached the sworn declarations of K. Stafford and R. Dreith wherein they explain the inmate administrative grievance procedures and related record-keeping procedures at High Desert State Prison (HDSP). *Id.* Stafford and Dreith also declared that the appropriate files have been searched in this case and all records relating in any way to any investigation into the alleged January 12, 2006 assault on Plaintiff have been located and produced. (Doc. 92). This Court is

1  satisfied that the Warden has complied fully with the Court's request to locate all requested
2  documents.
3       As ordered, Warden McDonald also manually filed for the Court's *in camera* review a
4  file referred to as "the CDC 602/Staff Complaint appeal regarding the Smith case" which
5  includes a five-page document referred to as "Attachment C" which is purportedly "confidential
6  and may not be released without the express written permission of M.D. McDonald, Warden
7  HDSP and/or the Legal Affairs Division of the California Department of Corrections [and
8  Rehabilitation]." Documents on file under seal with the Clerk's office.
9       In his response to the subpoena, Warden McDonald objected to the production of these
10 documents, which he alleges are from personnel files of CDCR employees, on the ground that
11 they are protected by state and federal privileges, California statutes, and that they are subject to
12 the official information privilege. In support of his objections, Warden McDonald cited
13 California Penal Code sections 832.7 and 6126.3, *Kelly v. City of San Jose*, 114 F.R.D. 653, 656
14 (N.D. Cal. 1987), and *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991).
15 Warden McDonald also objected to their production on the ground that "interviews conducted
16 during the grievance process, including staff complaints, are kept confidential from inmates, as
17 well as between staff members who are interviewed," and that "[i]f staff we aware that their
18 confidential interviews could be liberally circulated to inmates and to other staff, it would inhibit
19 the candid disclosure of information and thus, obstruct the proper functioning of the inmate and
20 staff appeals." (Doc. 92, p. 3). Warden McDonald has not cited any authority in support of this
21 objection.

**II**

23      It does not appear to the Court that the documents produced for *in camera* review are
24 indeed from "personnel files" as alleged by Warden McDonald. The cover sheet indicates that
25 the documents consist of "the CDC 602/Staff Complaint appeal regarding the Smith case," and
26 the declaration of R. Dreith indicates that Dreith "contacted the appeals office [where inmate

grievances are maintained] and obtained a complete copy of the appeal file for grievance log no. HDSP-Z06-00248, including the confidential portions," and that a copy of the file has been produced under seal for the Court's *in camera* review. Reith Decl. at ¶ 7. Thus, it does not appear the documents were produced from "personnel files" as alleged.

Even if these documents were from personnel files, in actions brought under 42 U.S.C. § 1983, personnel files of law enforcement officers may be relevant and discoverable. *See Voth v. Albright*, 2006 U.S. Dist. LEXIS 79128 (E.D. Cal. 2006); *Green v. Baca*, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005). Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for ND. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). Government personnel files are considered official information. *See, e.g., Sanchez*, 936 F.2d at 1033 (9th Cir. 1990); *see also Zaustinsky v. Univ. of Cal.*, 96 F.R.D. 622, 625 (N.D. Cal. 1983).

The discoverability of official documents is determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." *Kelly*, 114 F.R.D. at 661. The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." *Id*. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *Id.* The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

Id. at 670; *see also Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (applying the *Kelly* procedure). If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it may order disclosure of the documents.

////

**III**

The documents produced by Warden McDonald include interviews with Defendant Officer Norton and the results of the prison's investigation into Plaintiff's administrative grievance. Based on the *in camera* review of these documents, it is the Court's tentative ruling that the documents produced by Warden McDonald in response to the Court's subpoena issued August 28, 2009 do not appear to be confidential. Nor does it appear that the documents were produced from personnel files. It also does not appear to this Court that production of the information contained in these documents will "obstruct the proper functioning of the inmate and staff appeals." (Doc. 92 at 3). The Court is, however, sensitive to Warden McDonald's argument that should these documents be "liberally circulated to inmates and to other staff, it would inhibit the candid disclosure of information," in the grievance, investigation, and appeals process.

Therefore, this Court has tentatively concluded that the documents filed under seal for *in camera* review may be producible subject to a carefully crafted protective order. Warden McDonald is **HEREBY ORDERED** to respond to this Court's tentative ruling on or before Monday, September 14, 2009. Any response should include "a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and [ ] a projection of how much harm would be done to the threatened interests if disclosure were made." *Kelly*, 114 F.R.D. at 670. In his response, Warden McDonald is also directed to discuss the question whether Attachment C should be disclosed to the Plaintiff if this Court should conclude that the contents do not include an admission of fault or contain any allegations that could be used to impeach Defendant Norton.

/////
/////
/////
/////

1  **ACCORDINGLY, IT IS HEREBY ORDERED** that Warden McDonald shall file a response to this order, on or before **September 14, 2009**.  Plaintiff may file a reply on or before **September 18, 2009**.

/////

DATED: September 9, 2009

>  /s/ Arthur L. Alarcón
>  UNITED STATES CIRCUIT  JUDGE
>  Sitting by Designation