IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARMAAL LARONDE SMITH,

    Plaintiff,               Case No. 2:07-cv-00964 ALA (P)

    vs.

LEANN CRONES, et al.,         ORDER

    Defendants.

_____/

On August 28, 2009, this Court ordered Warden Mike McDonald to produce for *in camera* review all documents relating to the investigation of Officer Scott Norton's and Officer Edward Simmerson's conduct in the alleged assault on Plaintiff on January 12, 2006 that is the subject of this litigation. On September 4, 2009, Warden McDonald produced documents responsive to the subpoena, including a document referred to Attachment C, filed under seal for this Court's *in camera* review.

After reviewing the documents included in Attachment C, this Court concluded that they were not part of Defendant Norton's or Defendant Simmerson's personnel files. Instead, Attachment C contains documents relating to the CDC 602 inmate grievance filed by Plaintiff. Therefore, they are subject to being produced pursuant to the subpoena duces tecum issued by this Court.

On September 9, 2009, this Court issue an order which provided that the documents contained in Attachment C must be disclosed.  The Court also ordered Warden McDonald to file a response that described "how disclosure [of these documents] subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests."  Warden McDonald was also directed to discuss the question whether Attachment C should be disclosed to the Plaintiff if this Court should conclude that the contents do not include an admission of fault or contain any allegations that could be used to impeach Defendant Norton or any witness that may be called by Defendant Norton at trial.

In his response, Warden McDonald conceded "the documents at issue here were not included in or produced from Norton's personnel file."  Warden McDonald stated that while he "does not necessarily oppose the production of the documents and what is identified as confidential Attachment C to Plaintiff," those documents are "not relevant or important to Plaintiff's case."  Moreover, he maintains that, "the confidentiality of these reports is critical to maintaining the safe, secure, and smooth operation of the prison."  Warden McDonald requests that if this Court orders the disclosure of the documents contained in Attachment C, that it fashion a protective order that would limit Plaintiff's disclosure of the contents of Attachment C.

The Court has concluded that Attachment C must be disclosed.  Whether the contents of any of these documents are relevant and admissible at trial, however, must await determination when and if they are offered into evidence or used to impeach Defendant Norton or any defense witness.

Good cause appearing, it is **HEREBY ORDERED** that:

1. Warden McDonald shall produce to Plaintiff on or before September 21, 2009, the documents the documents produced by Warden McDonald on September 4, 2009, responsive to the Court's August 28, 2009 subpoena requesting the documents for *in camera* review, including Attachment C;

2. Plaintiff shall not divulge the contents of any of these documents except to the (a) Court, Court personnel, and stenographic reporters engaged in proceedings directly related to the trial of this action; and (b) witnesses during the preparation

for trial and trial;

3. Neither party shall file any of the documents covered by this order, or portions thereof, unless filed under seal;

4. Plaintiff shall not make copies of the material ordered above, except as necessary for purposes of this litigation;

5. Within twenty-eight days of the conclusion of this action, Plaintiff shall ensure that the original documents and all copies of the information produced pursuant to this order are returned to the Office of the Attorney General.

6. When Plaintiff returns the confidential material, he shall provide the Office of the Attorney General with a declaration stating that all material covered by this order has been returned.

Any breach of this order will result in the dismissal of Plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and will also subject Plaintiff to monetary sanctions for violation of this Court's order.

The provisions of this order shall remain in full force and effect until further order of this Court.

/////

DATED: September 15, 2009

                                      /s/ Arthur L. Alarcón
                                      UNITED STATES CIRCUIT JUDGE
                                      Sitting by Designation