IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARMAAL LARONDE SMITH,

    Plaintiff,                      Case No. 2:07-cv-00964 ALA (P)

    vs.

LEANN CRONES, et al.,               ORDER

    Defendants.

_____/

    Jamaal Laronde Smith filed an action on May 23, 2007, seeking damages pursuant to 42 U.S.C. § 1983 for an alleged violation of his federal constitutional rights by several state officers. This matter went to trial on September 28, 2009. On September 30, 2009, the jury returned its unanimous verdict in favor of Scott Norton, the sole remaining defendant.

    On October 13, 2009, Mr. Smith filed a motion for a new trial. He contends that "(1) the verdict was against the weight of the evidence; (2) improper foundation was laid for admitting Defense's exhibits; and (3) prejudicial error." Doc. No. 143.

    As explained below, the Court has reviewed each of these contentions and has concluded that the motion for a new trial will be denied because none of the issues raised by Mr. Smith has any merit.

I

In the declaration he filed in support of his motion, Mr. Smith summarized his testimony at trial as follows. (Doc. 143). On January 12, 2006, he kicked his cell door for 30 to 40 minutes. When Officer Norton and Officer Beasley came to his cell door, Mr. Smith told them he wanted to speak to someone. Officer Norton handcuffed him and requested that the control officer open the cell door. It would not open because it was off its track. After Officer Norton pushed and pulled on the cell door, the control officer was able to open it.

Officer Norton told Mr. Smith "that's why my doors don't work because ya'll (sic) always kicking on them."

Mr. Smith further testified that Officer Norton and Officer Beasley escorted him to one of the holding cages in front of the unit on the main hallway. As Mr. Smith approached the holding cage, he saw Lt. Simmerson standing in the hallway with 4 to 5 other officers. Mr. Smith testified that Officer Norton then stated "Simmerson get out of here." Officer Norton then told the rest of the officers to leave the area. Officer Kimble did not leave the area.

Mr. Smith testified that as he was stepping into the holding cage, Officer Norton placed his hand on the back of Mr. Smith's neck and rammed his head into the back of the holding cage and stated "if you ever kick my fucking door again, I'll break your neck." Mr. Smith testified he saw stars after the assault.

Mr. Smith testified that when Lt. Simmerson reappeared, Mr. Smith told him that something unethical had just occurred, and he needed to speak to him about it. Lt. Simmerson told him to speak to a psychologist first and then talk with him about it. After Mr. Smith met with a psychologist, he was taken back to his cell without talking to Lt. Simmerson about the assault.

Officer Norton testified at trial that he did not use any force on Mr. Smith. Officer Beasley corroborated this testimony.

1 On cross-examination, Mr. Smith admitted that he did not tell Lt. Simmerson about the
2 alleged assault. Doc. No. 148. He also admitted that he did not tell the mental health clinician
3 that Officer Norton had just slammed his head against the holding cage. Doc. 148. Mr. Smith
4 also admitted on cross-examination that the first report he made of the alleged assault was in the
5 grievance he filed nearly two weeks after the alleged incident. He also admitted that he did not
6 receive any cuts or bruises from the alleged assault, nor did he seek medical treatment regarding
7 any physical injury to his forehead. Doc. No. 148.

8 The jury was instructed that if it was persuaded by a preponderance of the evidence that
9 Mr. Smith was assaulted by Officer Norton, it must render a verdict in the plaintiff's favor. The
10 jury was also instructed on its duty to determine the credibility of the witnesses.

11 Mr. Smith testified he was assaulted by Office Norton. Officer Norton and Officer
12 Beasley testified no assault occurred. In returning its verdict in favor of Officer Norton, the jury
13 impliedly concluded that Mr. Smith's testimony was not credible. Contrary to Mr. Smith's
14 contention, the verdict was not against the weight of the evidence. Mr. Smith's testimony that he
15 was assaulted was thoroughly impeached on cross-examination. The jury was free to render a
16 verdict in favor of Officer Norton because it found that his testimony that no assault occurred
17 was believable.

18 II

19 Mr. Smith also contends that this Court erred in admitting portions of the entries on Mr.
20 Smith's medical files. He maintains the exhibits were inadmissible hearsay as that term is
21 defined in Rule 801(c) of the Federal Rules of Evidence. He argues that the records were not
22 properly authenticated pursuant to Rule 902(11) of the Federal Rules of Evidence. Rule 902
23 provides that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not
24 required" with respect to a domestic public document under seal. A domestic public document
25 under seal is defined in Rule 902(1) as "[a] document bearing a seal purporting to be that . . . of
26

1 any state . . . or of a . . . department, officer, or agency thereof, and a signature purporting to be
2 an attestation or execution."

3   Rule 902(11) provides that "[]he original or a duplicate of a domestic record of regularly
4 conducted activity that would be admissible under Rule 803(6) if accompanied by a written
5 declaration of custodian or other qualified person" does not require extrinsic evidence of
6 authenticity.

7   The medical records offered by the defense and admitted by this Court were not certified
8 domestic records submitted under Rule 902(1) or (2).  They were business records submitted
9 pursuant to Rule 803(6).  That rule provides that business records are admissible "if kept in the
10 course of a regularly conducted business activity . . . <u>as shown by the testimony of the custodian</u>
11 <u>or other qualified witness</u> or by certification that complies with Rule 902(11) . . . ." (emphasis
12 added).  Accordingly, the sworn testimony of the custodian of Mr. Smith's medical files at trial
13 met each of the requirements to authenticate the medical files as business records pursuant to
14 Rule 803(6).  Contrary to Mr. Smith's contention, admission of the medical files did not require
15 both the sworn testimony of the custodian and her written declaration.  Mr. Smith has failed to
16 demonstrate that the medical files were inadmissible.

17                                            III

18   Finally, Mr. Smith argues that this Court erred in permitting Officer Norton's counsel to
19 cross-examine him regarding the length of his remaining prison sentence.  Mr. Smith did not
20 object to the question.  In a pre-trial motion in limine, Mr. Smith requested that the Court bar
21 defense counsel from presenting evidence of the nature of his prior felony conviction on the
22 ground that it did not have any relevance to truthfulness or untruthfulness.  This Court granted
23 the motion.

24   Mr. Smith now contends for the first time in this motion for a new trial that the length of
25 his incarceration was not relevant to any issue in the case.

26

1      Mr. Smith sought damages in this matter because of his claim that he would not be able to earn wages after he is released from prison as a result of his injury. Evidence of his age upon being released from prison was relevant to determine the amount of wages he would not receive because of his conclusion that he will not be able to work as a result of his medical condition. Mr. Smith's demand for damages for lost wages made his age when he will be released from prison an issue for the jury to consider if it found that Mr. Norton was liable.

## CONCLUSION

Mr. Smith's motion for a new trial is DENIED.

/////

DATED: October 30, 2009

                                         /s/ Arthur L. Alarcón
                                         UNITED STATES CIRCUIT JUDGE
                                         Sitting by Designation